[Civ. No. 5594. Second Appellate District, Division Two.—October 28, 1929.]

GEORGE SOURISSEAU et al., Appellants, v. A. P. MOORE, Respondent.

Ewell D. Moore for Appellants.

Gerald Willis Myers for Respondent.

THOMPSON (IRA F.), J.—The plaintiff and defendant entered into an agreement of exchange whereby the plaintiff agreed to convey to the defendant a contract of purchase of a lot at Clearwater, California, and deliver to defendant a promissory note executed by himself and his wife, Mae Sourisseau, in the sum of $600, and in return to receive title to twelve lots in El Centro, Imperial County, California. Soon after the exchange was perfected the plaintiff attempted to rescind the contract on the ground of misrepresentations claimed by him to have been made by respondent, consisting of statements that the El Centro lots were worth from $150 to $200 each. He files his action based upon similar allegations of fraudulent representations to cancel the note and recover back the Clearwater lot. Defendant answered and filed a cross-complaint upon the promissory note. The trial court denied plaintiff any relief, but awarded the defendant and cross-complainant judgment for the face of the note, interest, costs and attorneys' fees. This appeal is from the judgment so entered.

The court found that the respondent "made no false or fraudulent representation of any kind or character whatsoever to the plaintiff respecting either the value of or location of said property in the city of El Centro. . . . " The substance of appellants' argument is that the evidence is insufficient to support this finding. There were only two witnesses who testified concerning the representations. The plaintiff and appellant George Sourisseau testified that the representations were made and the respondent swore that they were not. In fact, we find a very significant sentence in appellants' closing brief relating to this matter, as follows: "The testimony of appellant and respondent is in striking conflict." With this confession of the groundless nature of the appeal before us, necessarily indicated by the language just quoted, the only manner in which we could avoid assessing a penalty for a frivolous appeal would be to find, as counsel seeks to do, some justification for it in the

cross-examination of the respondent. But here, also, we can find no comfort for appellants. The entire effect of the cross-examination may be summed up in this wise: that respondent had never seen the El Centro lots; that he did not know their value, and so informed the plaintiff-appellant. Under such circumstances we have no alternative.

Judgment affirmed and appellants are fined the sum of $75 for the prosecution of a frivolous appeal.

Works, P. J., and Craig, J., concurred.